UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                               :

ADIRONDACK INSURANCE          :      **MEMORANDUM DECISION AND**
EXCHANGE,                      :      **ORDER**
                               :
                Plaintiff,      :
                               :      20-cv-4292 (BMC)
        - against -            :
                               :
STELIOS BANAGOS, MARIA BANAGOS,  :
PARIS BANAGOS, and ANTHONY       :
DALIAPES,                       :
                               :
              Defendants.    :
                               :
-------------------------------------------------------- X

**COGAN**, District Judge.

       Under New York law, an insurance company is obligated to make a timely disclaimer

only when the lack of coverage is due to an exclusion in the policy, not the definition of

coverage in the policy.  If an insurance company, in disclaiming, nevertheless relies on both the

definition of coverage and, alternatively, the language of an exclusion, the disclaimer letter's

reference to the exclusion becomes superfluous and does not create an obligation to deliver

timely notice.

## BACKGROUND

       The material facts are not in dispute.  Plaintiff Adirondack Insurance Exchange issued a

homeowners' insurance policy in favor of defendants Stelios Banagos and Maria Banagos.  The

policy also covered their son Paris because he was living with them.  (The three Banagoses are

referred to below as the "Homeowners.")  Defendant Daliapes sued Paris in state court for personal injuries, and that case remains pending.[1]

Daliapes's state court complaint essentially alleges that Paris and another individual not named in this action, Stavros Ksinos, beat up Daliapes.  Specifically, the state court complaint alleges "that on or about April 16, 2019, at [Whitestone Park], defendant Paris Banagos assaulted, battered, attacked, punched, kicked, thrashed, shoved, and pushed to the ground and beat plaintiff Anthony Daliapes, thereby causing him to sustain severe and permanent injuries." This allegation is repeated and combined with an allegation that Paris and Ksinos acted "in concert."  There are two causes of action relevant here: one for assault; and one for punitive damages.[2]

The assault cause of action alleges that Daliapes "was, without just cause or provocation, maliciously and intentionally assaulted, battered and physically beaten" by Paris and Ksinos. The punitive damages cause of action alleges that Paris's conduct was "willful, wanton, reckless and/or malicious . . . ."

The definitional section of the Homeowners' policy covers an "occurrence."  An "occurrence" is defined as "an accident" which results in "bodily injury."  Section II – Definitions B(8) (the "B8 coverage").  Both sides agree in this case that what Daliapes alleges in his state court action does not meet the definition of an "occurrence."[3]  This is in accordance

---

[1] Although plaintiff named Daliapes as a defendant in this declaratory judgment action, Daliapes has defaulted, and plaintiff is seeking a default declaratory judgment as to him.  The Clerk has entered Daliapes' default under Fed. R. Civ. P. 55(a), and the motion for a default judgment as to Daliapes is granted.

[2] There is also a cause of action for what might be called "negligent assault."  Adirondack contends that there is no such claim under New York law, citing, among other cases, Allstate Ins. Co. v. Schimmel, 22 A.D.3d 616, 802 N.Y.S.2d 510, 511 (2nd Dep't 2005), and Schetzen v. Robotsis, 273 A.D.2d 220, 221, 709 N.Y.S.2d 193 (2nd Dep't 2000).  The Homeowners have not argued otherwise.

[3] The Homeowners argue in passing that Adirondack has not met its burden on summary judgment by relying solely on the state court complaint and the insurance policy.  They cite no cases, perhaps because it is axiomatic that an underlying complaint juxtaposed with the policy can be sufficient to determine coverage.  See BP A.C. Corp. v. One

with New York law.  See Matter of Fuscaldo, 24 A.D.2d 744, 263 N.Y.S.2d 919 (1st Dep't

1965); Matter of Motor Veh. Acc. Indem. Corp. (Brinson), 18 A.D.2d 809, 236 N.Y.S.2d 567

(2nd Dep't 1963).

In addition, the policy contains an exclusion that would also preclude coverage even if

"occurrence" was more broadly defined than as an "accident."  The exclusion disclaims coverage

for any "bodily injury . . . which is expected or intended by an insured."  Section II – Exclusions

Part E(1) (the "E1 exclusion").

Adirondack sent a disclaimer letter to the Homeowners and Paris dated July 15, 2020.  It

sets forth a number of grounds for declining or limiting coverage, two of which are relevant here:

- "Claims that Paris Banagos 'assaulted, battered, attacked . . . [etc.] . . .' are not claims for 'bodily injury' under the policy resulting from an 'occurrence'" under the B8 coverage.

- "Claims that you assaulted, battered, attacked . . . [etc.]" are excluded because "any such damages were expected or intended" by the insured under the E1 exclusion.

The disclaimer letter further provided that notwithstanding Adirondack's disclaimer, it

would supply a defense to the Homeowners and Paris unless and until it received a determination

of coverage by commencing the instant action.

It did, and here we are.  Both parties have moved for summary judgment.

## DISCUSSION

As suggested above, the parties agree on two points of law that serve as the launching

point for this Court's analysis.  They agree, or at least there is no dispute, that the B8 coverage

and the E1 exclusion each mean that there is no coverage (or coverage is excluded) for a battery

---

Beacon Ins. Group, 8 N.Y.3d 708, 714, 840 N.Y.S.2d 302, 304 (2007).  It was up to the Homeowners to point this
Court to any contrary evidence to that supplied by the policy and the state court complaint.  Cf. Jaramillo v.
Weyerhaeuser Co., 536 F.3d 140, 145 (2d Cir. 2008) (If the movant meets its burden, "the nonmoving party must
come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary
judgment.").

committed by an insured. They also agree, at least for purposes of this motion, that if Adirondack was required to give timely notice of disclaimer, it didn't. The only issues remaining for this Court are whether Adirondack was required to give timely notice, and, if it wasn't, did it assume such an obligation by disclaiming, in part, based on an exclusion. The case falls between two principles of New York law, but their reconciliation is clear.

The first principle is that if an insurance company seeks to avoid coverage on the ground that the scope of the policy's coverage does not extend to the event in question – that is, that the policy simply was not created to cover that type of event – then the insurance company does not have to provide a timely disclaimer letter. See Central Gen. Hosp. v Chubb Grp. of Ins. Cos., 90 N.Y.2d 195, 200-01, 659 N.Y.S.2d 246, 248-50 (1997); Zappone v. Home Ins. Co., 55 N.Y.2d 131, 135-36, 447 N.Y.S.2d 911, 914 (1982). This makes sense because if there is no obligation at all under the policy, the insurance company can wait until a demand is made and then commence a declaratory judgment action. See Zappone, 55 N.Y.2d at 135-36, 447 N.Y.S.2d at 914. For example, if a New Yorker is insured under a homeowners' policy and seeks to indemnify his brother-in-law after a third-party is injured at the brother-in-law's house in California, an insurance company does not have to disclaim that. The underlying lawsuit obviously does not trigger coverage.

The other principle of New York law that is equally well-established is that if the insurance company seeks to avoid defense or indemnification obligations because the policy has an exclusion for the particular claim, timely notice of disclaimer must be given. See N.Y. Insurance Law § 3420(d)(2); see also NGM Ins. Co. v. Blakely Pumping, Inc., 593 F.3d 150, 153 (2d Cir. 2010). This also makes sense. If the insurance company wants to rely on something in the policy that excludes an otherwise covered event, it must let the insured know. It is analogous

4

to the need for a defendant in litigation to raise an affirmative defense upon penalty of waiver.

Cf. 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1278 (2d ed. 1990),

The parties in the instant case differ on how these two principles should be applied to the facts here.

Adirondack's contention is essentially that its disclaimer letter, even if untimely, was just a courtesy to the Homeowners so as not to ignore their claim or, at most, a belt and suspenders measure in case its view on the scope of coverage was not sustained. According to this view, based on the definition of "occurrence" in the policy, it didn't need to send a disclaimer letter at all; it could have just commenced this declaratory judgment action based on the definition of "occurrence" in the policy. The disclaimer's reference to the E1 exclusion was just an alternative argument in case its interpretation of the policy's coverage was proven wrong. Thus, the timeliness of the letter, as to the scope of policy, is immaterial.

The Homeowners' contention in essence is that by choosing to send the disclaimer, Adirondack assumed the obligation to do so timely. Since we assume for purposes of these motions that the letter was not timely, Adirondack incurred the obligation to defend and indemnify, regardless of what the policy said.

This Court agrees with Adirondack. The order in which an insurance policy must be analyzed is to first look at the scope of the coverage, and, if there is coverage, to determine if the claim falls under any exclusion to the policy.  See Fair Price Med. Supply Corp. v. Travelers Indem. Co., 10 N.Y.3d 556, 860 N.Y.S.2d 471 (2008).  Because the scope of coverage did not encompass Daliapes's claim, the mere sending of a disclaimer letter, regardless of what it said, could not expand the scope of coverage. A contract cannot be created or amended by one side's

5

denial that there is an applicable contract at all.  To hold otherwise would be to invoke an estoppel against Adirondack, but none of the elements for an estoppel are present.  See generally Michaels v. Travelers Indem. Co., 257 A.D.2d 828, 829-30, 682 N.Y.S.2d 640, 641-42 (3rd Dep't 1999).  Nor is there any reason to require an insurer in Adirondack's position to elect a single ground for declining coverage when it appears that a claim is neither within the scope of the policy and also is excluded from coverage.

Assuming that Adirondack's disclaimer was untimely, it has lost its ability to rely on the E1 exclusion.  But it is not relying on the E1 exclusion in this action.  It is, instead, relying on the scope of the B8 coverage.  Since the claim is not within the B8 coverage, Adirondack is entitled to the declaration it seeks.

## CONCLUSION

Adirondack's motion for summary judgment against the Homeowners and default judgment against Daliapes is granted, and the Homeowners' motion for summary judgment is denied.  Adirondack is directed to submit a proposed form of declaratory judgment within 7 days from the entry of this Order.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
      January 5, 2022